EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
James J. Tamulski (State Bar #64880)
Jared A. Washkowitz (State Bar #226211)
49 Stevenson Street, Suite 400
San Francisco, CA  94105
Telephone:    (415) 227-9455
Facsimile:    (415) 227-4255
E-Mail:       jtamulski@edptlaw.com
              kessick@edptlaw.com

Attorneys for Defendants
THOR DAHL CONTAINERSHIPS KS and
JAHRE-WALLEM AS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS VILLEGGIANTE,<br><br>Plaintiff,<br><br>vs.<br><br>HYUNDAI MERCHANT MARINE CO. LTD.; HYUNDAI AMERICAN SHIPPING AGENCY INC.; THOR DAHL CONTAINERSHIPS KS; JAHRE-WALLEM AS and DOES 1-40,<br><br>Defendants. | Case No.: **C 07-04864 MEJ**<br><br>**DEFENDANTS THOR DAHL CONTAINERSHIP KS AND JAHRE-WALLEM AS'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendants THOR DAHL CONTAINERSHIP KS ("Thor Dahl") and JAHRE-WALLEM AS ("Jahre-Wallem")(collectively "Defendants"), in response to Plaintiff's First Amended Complaint ("Complaint"), allege as follows:

1.   Admitted.

2.   No response is required to Paragraph 2 of Plaintiff's Complaint. To the extent a response is required, Defendants deny the allegations.

3.   Defendants are without sufficient knowledge or information to form a belief at this time as to the truth of the allegations in this paragraph. To the extent a response is required, Defendants deny the allegations in this paragraph.

- 1 -

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

4. Defendants are without sufficient knowledge or information to form a belief at this time as to the truth of the allegations in this paragraph. To the extent a response is required, Defendants deny the allegations in this paragraph.

5. Denied.

6. Denied.

7. Denied.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, losses and damages, if any, were caused or contributed to by Plaintiff's own negligence.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, losses and damages, if any, were caused or contributed to by individuals or entities for whose conduct Defendants are not liable.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, if any, pre-existed, and were not caused by, the incident alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, losses and damages, if any, were aggravated by Plaintiff's failure to use reasonable diligence to mitigate them, and Defendants are not responsible for damages that Plaintiff could have mitigated, but did not.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations, and/or by laches.

### SIXTH AFFIRMATIVE DEFENSE

The doctrine of unclean hands bars Plaintiff from recovery for his alleged injuries, losses and damages, if any.

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 2 -

ANSWER TO FIRST AMENDED COMPLAINT
Case No.
G:\28000.003 HYUNDAI EXPLORER (Villeggiante)\Pleadings\Answer.doc

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint does not state facts sufficient to constitute a cause of action against defendants upon which relief may be granted.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, losses, and damages, if any, were wholly due to a failure on the part of Plaintiff to perform the responsibilities that were his, or that were assigned to him.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's recovery from Defendants, if any, may not exceed the percentage by which Defendants' negligence is established to have contributed to Plaintiff's injury, if any.

### TENTH AFFIRMATIVE DEFENSE

Applicable provisions of the Federal Longshore & Harbor Workers Compensation Act, 33 U.S.C. §901, *et seq.*, provide Plaintiff's exclusive remedies, and bar all causes of action except as provided under that Act.

### ELEVENTH AFFIRMATIVE DEFENSE

The alleged condition that caused Plaintiff's injuries, losses and damages, if any, was open and obvious to Plaintiff's employer, an expert and experienced stevedore, or to Plaintiff, a longshoreman; therefore Defendants had no duty to warn of any hazard or to protect the Plaintiff from any risk of harm for the alleged condition.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants did not breach any of the duties owed to a longshoreman under the United States Supreme Court decision of *Scindia Steam Navigation Company v. De Los Santos*, 451 U.S. 156 (1981), and either Plaintiff or his employer wrongfully or negligently caused his alleged injuries, losses and damages.

EMARD DANOFF PORT
FAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 3 -

ANSWER TO FIRST AMENDED COMPLAINT
Case No.
G:\28000.003 HYUNDAI EXPLORER (Villeggiante)\Pleadings\Answer.doc

## THIRTEENTH AFFIRMATIVE DEFENSE

The amount of any award in Plaintiff's favor and against Defendants should be reduced by the amount of benefits paid to or to be paid on behalf of Plaintiff' stevedore employer.

## FOURTEENTH AFFIRMATIVE DEFENSE

Venue is not proper in this Court.

WHEREFORE defendants THOR DAHL CONTAINERSHIP KS and JAHRE-WALLEM AS pray that Plaintiff take nothing by way of his Complaint, and that they recover costs of suit and fees and such other relief as this Court may deem just and proper.

DATED: September 20, 2007    EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP

By _____
James J. Tamulski
Jared A. Washkowitz
Attorneys for Defendants
THOR DAHL CONTAINERSHIPS KS and
JAHRE-WALLEM AS

EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 4 -

ANSWER TO FIRST AMENDED COMPLAINT
Case No.
G:\28000.003 HYUNDAI EXPLORER (Villeggiante)\Pleadings\Answer.doc