EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
James J. Tamulski (State Bar #64880)
Katharine Essick Snavely (State Bar #219426)
49 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone:    (415) 227-9455
Facsimile:    (415) 227-4255
E-Mail:    jtamulski@edptlaw.com
         kessick@edptlaw.com

Attorneys for Defendants
THOR DAHL CONTAINERSHIPS and
JAHRE-WALLEM AS

WELTIN LAW OFFICE
Philip R. Weltin (State Bar # 46141)
1432 Martin Luther King Jr. Way
Oakland, CA 94612
Telephone:    (510) 251-6060
Facsimile:    (510) 251-6040
E-Mail:    pweltin@weltinlaw.com

Attorneys for Plaintiff
THOMAS VILLEGIANTE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS VILLEGGIANTE,<br><br>Plaintiff,<br><br>vs.<br><br>HYUNDAI MERCHANT MARINE CO. LTD.; HYUNDAI AMERICAN SHIPPING AGENCY INC.; THOR DAHL CONTAINERSHIPS KS; JAHRE-WALLEM AS and DOES 1-40,<br><br>Defendants. | Case No.: C 07-04864 SC<br><br>**JOINT CASE MANAGEMENT STATEMENT; RULE 26(f) STATEMENT** |

**JOINT CASE MANAGEMENT STATEMENT**

The parties to the above-entitled action submit this Joint Case Management Statement

and [Proposed] Case Management Order and request the Court to adopt it as the Case

- 1 -

Management Order in this case, pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-9.

1. **Jurisdiction and Service**

On December 15, 2006, Plaintiff filed a First Amended Complaint in the Superior Court of California, County of Alameda, naming Thor Dahl Containerships and Jahre-Wallem AS as defendants. On or about August 21, 2007, Plaintiff served a summons and complaint on Thor Dahl and Jahre-Wallem pursuant to the Hague Service Convention.

On September 20, 2007 defendants Thor Dahl Containerships and Jahre-Wallem removed the action from the Superior Court of California, County of Alameda, to this Court pursuant to 28 U.S.C. §1441(b) (diversity). This Court has original jurisdiction of the action under 28 U.S.C. §1332.

2. **Facts**

**Plaintiff:** Plaintiff alleges that on June 22, 2006 he was injured while working on the vessel HYUNDAI EXPLORER as a longshoreman while the vessel was docked in the Port of Oakland, California. Plaintiff alleges that defendants Thor Dahl Containerships KS and Jahre-Wallem AS are the owners, managers, operators, charterers and/or inspectors and were in control of a vessel, the HYUNDAI EXPLORER at the time plaintiff was injured. Plaintiff alleges he was injured onboard the HYUNDAI EXPLORER when he was required to work on grates that were not properly maintained and should have been replaced. Plaintiff injured his back when he slipped and fell on a grate.

**Defendants:** The HYUNDAI EXPLORER is a container ship. On the alleged date of injury, June 22, 2006, the owner of the vessel HYUNDAI EXPLORER was Thor Dahl Containerships, and its affiliated company Jahre-Wallem handled the technical management and crewing of the vessel. On June 22nd the HYUNDAI EXPLORER was at Berth 60 of the APL Terminal, Port of Oakland. A stevedore, Eagle Marine, dispatched longshoremen to handle the vessel's cargo. Cargo operations began in the morning. By evening, the vessel sailed.

1. At no time while the vessel was in Oakland did it receive any report of an injured longshoreman.

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

2.  Six days after leaving Oakland, while the vessel was at sea, a representative from the vessel's charterer sent an e-mail to the vessel notifying it of an injury to Tom Villegiante in Bay 30 aft on June 22, 2006. Capt. Pradip K. Saha investigated and none of the crew knew anything about any accident.

3.  It was the crew's practice to inspect the catwalks in the two days before the vessel reached port, to ensure the gratings were in place and secured, and to renew as necessary any wire in the small grating inserts that covered plug-ins to the "reefers" (refrigerated containers). The crew did conduct such a routine inspection of the Bay 30 catwalk as the vessel approached Oakland.

### 3. **Legal Issues**

Plaintiff has alleged one cause of action in negligence against defendants.

The Defendants submit that the shipowner's duty, when it arises, is one of reasonable care in the circumstances. Under the applicable law, Longshore and Harbor Workers Compensation Act (LHWCA), 33 U.S.C. section 905(b), a shipowner's duty of care arises in only three circumstances: where the vessel is "turned over" to the stevedore, where the ship maintains its "active operations," and where there is a "duty to intervene." *See Scindia Steam Navigation Co., Ltd. v. De Los Santos*, 451 U.S. 156, 164-165 (1981); *Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92, 98 (1994).

The shipowner must "exercise ordinary care under the circumstances to have the ship and its equipment in such condition that an expert and experienced stevedore will be able by the exercise of reasonable care to carry on its cargo operations with reasonable safety to persons and property…." Scindia Steam Navigation Co., Ltd. v. De Los Santos, 451 U.S. 156, 170 (1981) (describing "turnover" duty).

The shipowner must exercise reasonable care if it "actively involves itself in the cargo operations and negligently injures a longshoreman or if it fails to exercise due care to avoid exposing longshoremen to harm from hazards they may encounter in areas, or from equipment, under the active control of the vessel during stevedoring operation." Id. at 167 (active operations duty).

EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

1   Finally, a vessel has a "duty to intervene" in the following circumstances: (1) it has
2   actual or constructive knowledge of a dangerous condition, (2) it knows that the longshoremen
3   are continuing to work despite the existence of an unreasonable risk of harm to them, and (3) it
4   could not reasonably expect that the stevedore would remedy the situation. <u>Taylor v. Moram</u>
5   <u>Agancies</u>, 739 F.2d 1384, 1387-1388 (9th Cir. 1984) (citing <u>Scindia</u>).

Defendants must conduct discovery in order to explore which duty, if any, is implicated in this case.

### 4. Motions

There are no prior or pending motions. Plaintiff does not presently anticipate filing any motions. Defendants do not currently anticipate bringing any motions but may need to bring a dispositive motion once they have conducted sufficient discovery.

### 5. Amendment of Pleadings

No such amendments are anticipated.

### 6. Evidence Preservation

Plaintiff has preserved copies of all documents in his possession that are relevant to this action. Plaintiff does not possess any electronically-recorded material relevant to this action. Since learning of the accident, Defendants have reviewed their records for any information pertaining to the allegations and have instructed the vessel to maintain any surviving records for the relevant time period.

### 7. Disclosures

Both parties anticipate compliance with the initial disclosure requirements of Rule 26(a)(1) of the Federal Rule of Civil Procedure.

### 8. Discovery

**Plaintiff:** No discovery has been taken to date. Plaintiff anticipates propounding interrogatories, requests for admissions, and depositions of crewmembers.

**Defendants:** Defendants currently anticipate the following non-expert discovery before mediation:

- deposition of Plaintiff;

- 4 -
JOINT CASE MANAGEMENT STATEMENT; RULE 26(f) STATEMENT
Case No.: C 07-04864 SC
G:\28000.003 HYUNDAI EXPLORER (Villeggiante)\Pleadings\Joint Case Management Statement.doc

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- independent medical examination of Plaintiff;
- standard number of interrogatories and requests for production;
- subpoenas for medical, union and/or employment, and Department of Labor (LHWCA) records of Plaintiff;
- deposition of any alleged witnesses to the claimed accident.

**9. Class Actions**

This is not a class action case.

**10. Related Cases**

There are no related cases.

**11. Relief**

Plaintiff seeks recovery for pain and suffering, past and future wage loss, past and future medical expenses, and costs of suit. Plaintiff estimates his lost past wags to be approximately $77,250, as plaintiff was earning approximately $103,000 per year at the time of his injury and missed nine months of work as a result of his injuries. Plaintiff's past and future medical expenses are unknown to plaintiff at present.

Defendants do not seek any damages from Plaintiff.

**12. Settlement and ADR**

The parties have engaged in no ADR efforts to date. They are willing to attend a private mediation. Defendants propose an early private mediation on or before June 1, 2008, and setting a trial date if the mediation fails.

**13. Consent to Magistrate Judge for All Purposes**

The case was reassigned to this Court upon request for reassignment to a United States District Court Judge.

**14. Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

- 5 -

JOINT CASE MANAGEMENT STATEMENT; RULE 26(f) STATEMENT
Case No.: C 07-04864 SC
G:\28000.003 HYUNDAI EXPLORER (Villeggiante)\Pleadings\Joint Case Management Statement.doc

EMARD DANOFF PORT
FAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

Plaintiff does not anticipate the presentation of voluminous evidence at trial at this point; however plaintiff's investigation is incomplete at this point.

Defendants must identify the issues in this case via discovery. At this time it appears there are at least five issues concerning (1) the cause of the alleged accident, (2) the nature and extent of Plaintiff's alleged injury, (3) whether there is any triable issue of material fact on the question of negligence, (4) whether the alleged accident actually occurred, (5) whether the defendants are in any way liable for the alleged injury.

### 16. Expedited Schedule

The parties do not believe that this case can be handled on a expedited basis with streamlined procedures.

### 17. Scheduling

Defendants propose that trial be set only after the parties engage in some discovery and attend a private mediation on or before June 1, 2008. Defendants further propose that trial should be set no earlier than January 19, 2009, with completion of non-expert discovery on November 1, 2008, expert disclosure on November 15, 2008, and expert discovery cutoff on December 15, 2008.

### 18. Trial

The parties estimate trial will take 5 court days before a jury. Defendants propose that trial be set only after the parties engage in some discovery and attend a private mediation on or before June 1, 2008, and in any event trial be set no earlier than January 19, 2009.

### 19. Disclosure of Non-Party Interested Entities or Persons

Plaintiff has filed a Certification of Interested Entities or Persons. Plaintiff certifies that as of this date, other than the named Plaintiff, there is no such interest to report.

### JOINT RULE 26(f) STATEMENT

The parties to this litigation, by their undersigned counsel of record, met and conferred concerning all matters described in Rule 26(f) of the Federal Rules of Civil Procedure and provide the following report:

- 6 -

JOINT CASE MANAGEMENT STATEMENT; RULE 26(f) STATEMENT
Case No.: C 07-04864 SC
G:\28000.003 HYUNDAI EXPLORER (Villeggiante)\Pleadings\Joint Case Management Statement.doc

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

1.   The parties do not believe that any changes need be made in the form of the initial disclosures and agree to provide the initial disclosures by January 25, 2008.

2.   Discovery will be needed concerning liability and damages for Plaintiff's claims for negligence under the Longshore and Harbor Workers Compensation Act, 33 U.S.C. §905(b). The parties will conduct discovery as agreed and believe all non-expert discovery can be completed by November 1, 2008.

3.   The parties do not believe any changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or local rule.

4.   No other orders are needed under Rule 26(a) or under Rule 16(b) and (c).

DATED: January 4, 2008      EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP

By    /s/ Katharine Essick Snavely
James J. Tamulski
Katharine Essick Snavely
Attorneys for Defendant
THOR DAHL CONTAINERSHIPS and
JAHRE-WALLEM AS

DATED: January 4, 2008      WELTIN LAW OFFICE

By    /s/ Philip R. Weltin
Philip R. Weltin
Attorneys for Plaintiff
THOMAS VILLEGIANTE

### Certification of Signatures

I attest that the content of this document is acceptable to all persons above, who were required to sign it.

/s/
Katharine Essick Snavely

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 7 -

JOINT CASE MANAGEMENT STATEMENT; RULE 26(f) STATEMENT
Case No.: C 07-04864 SC
G:\28000.003 HYUNDAI EXPLORER (Villeggiante)\Pleadings\Joint Case Management Statement.doc