Philip R. Weltin, Esq. SBN 46141
WELTIN LAW OFFICE, P.C.
1432 Martin Luther King Jr. Way
Oakland, California 94612
Telephone (510) 251-6060
Facsimile   (510) 251-6040

Attorneys for Plaintiff
Thomas Villeggiante

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS VILLEGGIANTE,<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI MERCHANT MARINE CO. LTD;<br>HYUNDAI AMERICA SHIPPING AGENCY,<br>INC; THOR DAHL CONTAINERSHIP KS;<br>JAHRE-WALLEM AS and DOES 1-40,<br><br>Defendants. | Case No. 3:07-CV-04864-SC<br><br>Hon. Samuel Conti<br><br>**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**<br><br>F.R.C.P. 26(c)(1)(B)<br><br>Date:  October 8, 2008<br>Time:  10:00 a.m.<br>To be referred to Magistrate Judge |

To Defendants and Their Respective Attorneys of Record:

Please take notice that on October 8, 2008, at 10:00 a.m. or as soon thereafter as the matter may be heard in the above entitled court, plaintiff will, and hereby, does move this Court for a protective order requiring (1) that the deposition of Chief Officer Samyal take place at a time mutually convenient to all parties, after the parties confer regarding the scheduling of the deposition, and (2) that the deposition of Chief Officer Samyal take place within the Northern District of California.

## I. INTRODUCTION

After 3:00 p.m. on September 3, 2008, plaintiff Thomas Villeggiante's counsel received notice via facsimile of a deposition of Chief Officer Anil Samyal. Decl. of Philip R. Weltin, Exh. A. The deposition is set for September 10, 2008; the location of the deposition is said to be the "Port of Seattle, with the terminal office to be determined. . ." *Id.* Counsel for defendants Thor Dahl Containerships and Jahre-Wallem AS did not consult with plaintiff's counsel before setting this deposition. Decl. of Philip R. Weltin, ¶ 2. Plaintiff's counsel cannot fully prepare for deposition and travel to Seattle on such short notice to depose Chief Officer Samyal. In addition, defendants have refused to produce a number of documents regarding port security procedures and safety management; without these documents, plaintiff's counsel will be unable to take a full and complete deposition of Chief Officer Samyal covering all issues relevant to this case, from a witness who will be unavailable for trial. *Id.*, ¶ 4.

On September 3, 2008, plaintiff's counsel called Mr. Tamulski, Ms. Snavely, and the secretary for Mr. Tamulski regarding the deposition of Chief Officer Samyal, but was unable to reach any of them. *Id.*, ¶ 3. On September 4, 2008, plaintiff's counsel was able to reach both Ms. Snavely and Mr. Tamulski. *Id.* Plaintiff's counsel was advised by Mr. Tamulski that the deposition of Chief Officer Samyal would not be taken off calendar and would go forward as noticed. *Id.*

Plaintiff requests a protective order pursuant to F.R.C.P. 26(c)(1)(B) specifying that the deposition of Chief Officer Samyal be taken at a time convenient to all parties, after consultation between counsel, and be taken in the Northern District of California.

## II. DISCUSSION

**A. Defendants Have Not Given Reasonable Notice of Chief Officer Samyal's Deposition.**

The party noticing a deposition "must give reasonable written notice" to the other parties. F.R.C.P. 30(b)(1). Ten days' notice is typically regarded as reasonable. See *In re Sulfuric Acid Antitrust Lit.*, 231 F.R.D. 320, 327 (N.D. Ill. 2005) (citing cases where three and four days' notice was found unreasonable). Here, plaintiff was given notice on September 3 of a deposition to take place in Seattle on September 10. Excepting the intervening weekend and the date of the deposition pursuant to F.R.C.P. 6(a), defendants have given plaintiff five days' notice of the instant deposition. Further, plaintiff never consented in writing to service of any documents by facsimile. F.R.C.P. 5(b)(2)(E). Defendants' notice, via facsimile, of five days before a deposition in Seattle at an indeterminate location is entirely unreasonable.

In addition, Civil Local Rule 30-1 requires that the party noticing a deposition "must confer about the scheduling of the deposition with opposing counsel. . ." before noticing the deposition. Defendants' counsel never conferred with plaintiff's counsel prior to scheduling the instant deposition. Decl. of Philip R. Weltin, ¶ 2. Defendants' unilateral notice of the deposition of Chief Officer Samyal is unreasonable.

In subsequent correspondence, defendants have stated that Chief Officer Samyal will be getting off ship and will not board another ship for approximately six months. *Id.*, Exh. B. There is no apparent reason that defendants could not fly Chief Officer Samyal to the Bay Area for his deposition, as Chief Officer Samyal will not be working after September 10.

### B. Defendants Will Not Be Able to Use This Deposition at Trial.

Where a party receives notice of a deposition less than 11 days prior to the date of the deposition, and that party promptly moves for a protective order, the deposition taken by the noticing party cannot be used at trial if the protective order motion was still pending. F.R.C.P. 32(a)(5)(A). As plaintiff has filed the present motion for a protective order, defendants will not be able to use any deposition of Chief Officer Samyal taken on September 10 at trial against plaintiff. If defendants proceed with this deposition, they will be proceeding in bad faith.

### III. CONCLUSION

Defendants set the deposition of Chief Officer Samyal without reasonable notice to plaintiff's counsel, and set the deposition without conferring with plaintiff's counsel regarding the scheduling of Chief Officer Samyal's deposition, as required by local rule. Plaintiff requests that the Court issue an order requiring (1) that the deposition of Chief Officer Samyal take place at a time mutually convenient to all parties, after the parties confer regarding the scheduling of the deposition, and (2) that the deposition of Chief Officer Samyal take place within the Northern District of California.

Dated: September 5, 2008                    WELTIN LAW OFFICE

                                            _____
                                            Philip R. Weltin
                                            Attorneys for Plaintiff