Philip R. Weltin, Esq. SBN 46141
WELTIN LAW OFFICE, P.C.
1432 Martin Luther King Jr. Way
Oakland, California 94612
Telephone (510) 251-6060
Facsimile  (510) 251-6040

Attorneys for Plaintiff
Thomas Villeggiante

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS VILLEGGIANTE,<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI MERCHANT MARINE CO. LTD;<br>HYUNDAI AMERICA SHIPPING AGENCY,<br>INC; THOR DAHL CONTAINERSHIP KS;<br>JAHRE-WALLEM AS and DOES 1-40,<br><br>Defendants. | Case No. 3:07-CV-04864-SC<br><br>*Hon. Samuel Conti*<br><br>**AMENDMENT TO DECLARATION OF PHILIP R. WELTIN IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**<br><br>F.R.C.P. 26(c)(1)(B)<br><br>Date:  October 8, 2008<br>Time:  10:00 a.m.<br>Magistrate Edward M. Chen |

I, Philip R. Weltin, hereby declare:

1. I am an attorney duly licensed to practice law in the State of California and am an attorney in the Weltin Law Office, P.C., attorneys of record for plaintiff Thomas Villeggiante.

2. On July 9, 2008, our office served Request for Production of Documents, Set Two on defendants Thor Dahl Containerships and Jahre-Wallem AS. Attached as *Exhibit A* is a true and correct copy of those document requests.

---

1

3:07-cv-04864-SC
Amendment to Declaration of Philip R. Weltin in Support of Plaintiff's Motion for Protective Order

3. On August 29, 2008, plaintiff received an unverified response to plaintiff's Request for Production of Documents, Set Two. Attached as *Exhibit B* is a true and correct copy of defendants' response to plaintiff's Request for Production of Documents, Set Two. Following are plaintiff's requests and defendants' responses verbatim:

| REQUEST | RESPONSE |
| --- | --- |
| No. 1: Entire "ISPS Code" and "Port and Company Regulations" referred to in the deck logs of the vessel involved in the accident. | Defendants object that the Request is vague and ambiguous, compound, overly broad, not relevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and that with respect to the International Ship and Port Facility Security (ISPS) Code, and that with respect to generic "Port and Company Regulations," the Request is too vague and broad for Defendants to respond. |
| No. 2: All documents which set forth or otherwise describe the "Safety Management System" and/or "(SMS)" in effect at the time of Plaintiff's accident. | Defendants object that the Request is overly broad. Subject to and as limited by the objection, Defendants have provided with these Responses those portions of its safety management system appertaining to this lawsuit, namely: SBM-03 (Checklist No. 1 Before Arrival Ports), SBM-01-03.2 (Chief Officer's Responsibilities and Duties) and -03.3 (Safety Officer), SBM-06-09 (Month-End Reporting), SBM-01-11.5.6 (In Case of Accident), QSM-1A-03.2 (Health & Safety Policy), QSM-1A-05.15 (Documentation), SBM-05-01.18 (Deck Log Book), SMB-03-02 (The Vessel in Port). |
| No. 3: All documents which set forth, define or otherwise describe the "ISM" writing in effect at the time of Plaintiff's accident. | Defendants object that the Request is vague and ambiguous, overly broad and therefore not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence; also, the International Safety Management (ISM) Code is publicly and equally available to Plaintiff. Subject to and as limited by the objections, the Request is too vague and broad for Defendants to respond. |

4.   Three business days after serving its response to plaintiff's document request (and only two calendar days after plaintiff's counsel actually received the response in the mail), defendants noticed the deposition of Chief Officer Samyal. Plaintiff has not had any opportunity to confer with defendants regarding their responses, and has had no opportunity to obtain further responsive documents from defendants that plaintiff needs in order to conduct the deposition of Chief Officer Samyal.

5.   Defendants also elected to produce numerous documents responsive to plaintiff's Request for Production of Documents, Set One (which Request had been served on March 4, 2008) on August 29, 2008. Attached as *Exhibit C* is a true and correct copy of the cover letter from defendants' August 29 production, delineating which documents were produced. Defendant has opted to produce numerous important documents that are partially responsive to the March document request only a few days before the deposition of Chief Officer Samyal.

I declare under penalty of perjury the above is true and correct and that this declaration was executed in the County of Alameda.

Dated: September 5, 2008                   WELTIN LAW OFFICE

Philip R. Weltin
Attorneys for Plaintiff

EXHIBIT A

Philip R. Weltin, Esq. SBN 46141
WELTIN LAW OFFICE, P.C.
1432 Martin Luther King Jr. Way
Oakland, California 94612
Telephone (510) 251-6060
Facsimile  (510) 251-6040

Attorneys for Plaintiff
Thomas Villeggiante

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS VILLEGGIANTE,<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI MERCHANT MARINE CO. LTD;<br>HYUNDAI AMERICA SHIPPING AGENCY,<br>INC; THOR DAHL CONTAINERSHIP KS;<br>JAHRE-WALLEM AS and DOES 1-40,<br><br>Defendants. | Case No. 3:07-CV-04864-SC<br><br>**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JAHRE-WALLEM AS** |

Plaintiff hereby requests, pursuant to Federal Rule of Civil Procedure 34, that defendant JAHRE-WALLEM AS serve a written response to this request for production of documents within thirty (30) days after service hereof and further that production of the documents be made at the Weltin Law Office, 1432 Martin Luther King, Jr. Way, Oakland, California 94612, for the inspection and, if appropriate, copying of each of the documents or writings requested herein. This includes responsive documents in the possession, custody, or control of defendants, its agents or attorneys.

In lieu of permitting the inspection and copying of original documents on that date, copies of the responsive documents and other original prints of photographs may be sent to the attorneys for plaintiff to be received by the date of production. A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request. If for some reason any responsive document is not produced, please ensure that it is identified in the required written response.

## DEFINITION OF TERMS

1. "Documents" means a writing, as defined in the Federal Rule of Evidence Rule 1001, and includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them, and specifically includes all electronically stored data and e-mail.

2. If any requested document is known to have existed but no longer exists, or is not longer in your possession or control, identify its last known custodian and state the date upon which it was lost or destroyed or became unavailable, or if the document still exists, identify its present custodian and location.

3. If you claim any privilege or doctrine protects the disclosure of documents or information, you must fully comply with the applicable procedural rules, including but not limited to Federal Rules of Civil Procedure 26(b)(5), by supplying a privilege log specifically identifying: the author of the document, the intended or actual and recipient of the document,

the date of the document, the nature of the document, the general subject matter of the document, and the privilege or doctrine claimed.

4. References to this "litigation," this "lawsuit," or the "Incident," refer to the events or circumstances arising from or relating to the Complaint filed in the civil action identified in the caption of this pleading.

The following described documents are relevant to the subject matter of the above-captioned lawsuit and are reasonably calculated to lead to the discovery of admissible evidence. Plaintiff is informed and believes that you have in your possession or under your control the following items that plaintiff requests you produce:

## DOCUMENTS TO BE PRODUCED

1. Entire "ISPS Code" and "Port and Company Regulations" referred to in the deck logs of the vessel involved in the accident.

2. All documents which set forth or otherwise describe the "Safety Management System" and/or "(SMS)" in effect at the time of Plaintiff's accident.

3. All documents which set forth, define or otherwise describe the "ISM" writing in effect at the time of Plaintiff's accident.

Dated: July 1, 2008

WELTIN LAW OFFICE

_____
Philip R. Weltin
Attorneys for Plaintiff

# PROOF OF SERVICE

I, Jill K. Park, certify that I am employed in the City of Oakland, County of Alameda, State of California; I am over the age of eighteen years and am not a party to the within action; my business address is 1432 Martin Luther King, Jr. Way, Oakland, California 94612. On July 9, 2008, I served the following document(s):

**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JAHRE-WALLEM AS**

on the parties to this action, through their attorneys of record listed below:

Katharine Essick Snavely, Esq.
Emard, Danoff, Port, Tamulski & Paetzold LLP
49 Stevenson Street, Suite 400
San Francisco, CA 94105
Tel (415) 227-9455  Fax (415) 227-4255

X  **By First Class Mail**: I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the U.S. Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in Oakland, California, for mailing to the office of the addressee following ordinary business practices.

___  **By Personal Service**: I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

___  **By Facsimile**: I caused each such document to be transmitted, via facsimile machine, to the parties and numbers listed above, pursuant to Rule 2008. The machine reported no error. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record, a copy of which is attached to the original of this declaration.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed, July 9, 2008, in Oakland, California.

_____
Jill K. Park

Proof of Service

Philip R. Weltin, Esq. SBN 46141
WELTIN LAW OFFICE, P.C.
1432 Martin Luther King Jr. Way
Oakland, California 94612
Telephone (510) 251-6060
Facsimile (510) 251-6040

Attorneys for Plaintiff
Thomas Villeggiante

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS VILLEGGIANTE,<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI MERCHANT MARINE CO. LTD;<br>HYUNDAI AMERICA SHIPPING AGENCY,<br>INC; THOR DAHL CONTAINERSHIP KS;<br>JAHRE-WALLEM AS and DOES 1-40,<br><br>Defendants. | Case No. 3:07-CV-04864-SC<br><br>**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THOR DAHL CONTAINERSHIP KS** |

Plaintiff hereby requests, pursuant to Federal Rule of Civil Procedure 34, that defendant THOR DAHL CONTAINERSHIP KS serve a written response to this request for production of documents within thirty (30) days after service hereof and further that production of the documents be made at the Weltin Law Office, 1432 Martin Luther King, Jr. Way, Oakland, California 94612, for the inspection and, if appropriate, copying of each of the documents or writings requested herein. This includes responsive documents in the possession, custody, or control of defendants, its agents or attorneys.

1

Request for Production of Documents
C:07-cv-04864-SC

In lieu of permitting the inspection and copying of original documents on that date, copies of the responsive documents and other original prints of photographs may be sent to the attorneys for plaintiff to be received by the date of production. A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request. If for some reason any responsive document is not produced, please ensure that it is identified in the required written response.

## DEFINITION OF TERMS

1. "Documents" means a writing, as defined in the Federal Rule of Evidence Rule 1001, and includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them, and specifically includes all electronically stored data and e-mail.

2. If any requested document is known to have existed but no longer exists, or is not longer in your possession or control, identify its last known custodian and state the date upon which it was lost or destroyed or became unavailable, or if the document still exists, identify its present custodian and location.

3. If you claim any privilege or doctrine protects the disclosure of documents or information, you must fully comply with the applicable procedural rules, including but not limited to Federal Rules of Civil Procedure 26(b)(5), by supplying a privilege log specifically identifying: the author of the document, the intended or actual and recipient of the document,

the date of the document, the nature of the document, the general subject matter of the document, and the privilege or doctrine claimed.

4. References to this "litigation," this "lawsuit," or the "Incident," refer to the events or circumstances arising from or relating to the Complaint filed in the civil action identified in the caption of this pleading.

The following described documents are relevant to the subject matter of the above-captioned lawsuit and are reasonably calculated to lead to the discovery of admissible evidence. Plaintiff is informed and believes that you have in your possession or under your control the following items that plaintiff requests you produce:

## DOCUMENTS TO BE PRODUCED

1. Entire "ISPS Code" and "Port and Company Regulations" referred to in the deck logs of the vessel involved in the accident.

2. All documents which set forth or otherwise describe the "Safety Management System" and/or "(SMS)" in effect at the time of Plaintiff's accident.

3. All documents which set forth, define or otherwise describe the "ISM" writing in effect at the time of Plaintiff's accident.

Dated: July 1, 2008

WELTIN LAW OFFICE

_____
Philip R. Weltin
Attorneys for Plaintiff

# PROOF OF SERVICE

I, Jill K. Park, certify that I am employed in the City of Oakland, County of Alameda, State of California; I am over the age of eighteen years and am not a party to the within action; my business address is 1432 Martin Luther King, Jr. Way, Oakland, California 94612. On July 9, 2008, I served the following document(s):

**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THOR DAHL CONTAINERSHIP KS**

on the parties to this action, through their attorneys of record listed below:

Katharine Essick Snavely, Esq.
Emard, Danoff, Port, Tamulski & Paetzold LLP
49 Stevenson Street, Suite 400
San Francisco, CA 94105
Tel (415) 227-9455  Fax (415) 227-4255

X   **By First Class Mail:** I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the U.S. Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in Oakland, California, for mailing to the office of the addressee following ordinary business practices.

___   **By Personal Service:** I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

___   **By Facsimile:** I caused each such document to be transmitted, via facsimile machine, to the parties and numbers listed above, pursuant to Rule 2008. The machine reported no error. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record, a copy of which is attached to the original of this declaration.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed, July 9, 2008, in Oakland, California.

_____
Jill K. Park

Proof of Service

**EXHIBIT B**

1  EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
   James J. Tamulski (State Bar #64880)
2  Katharine Essick (State Bar #219426)
   49 Stevenson Street, Suite 400
3  San Francisco, CA 94105
   Telephone:   (415) 227-9455
4  Facsimile:   (415) 227-4255
   E-Mail:      jtamulski@edptlaw.com
5               kessick@edptlaw.com

6  Attorneys for Defendants
   THOR DAHL CONTAINERSHIPS and
7  JAHRE-WALLEM AS

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11 THOMAS VILLEGGIANTE,                     Case No.: C 07-04864 SC

12              Plaintiff,
                                            DEFENDANTS' RESPONSES TO
13         vs.                              PLAINTIFF'S REQUEST FOR
                                            PRODUCTION OF DOCUMENTS, SET
14 HYUNDAI MERCHANT MARINE CO.              TWO
   LTD.; HYUNDAI AMERICAN SHIPPING
15 AGENCY INC.; THOR DAHL
   CONTAINERSHIPS KS;
16 JAHRE-WALLEM AS and DOES 1-40,

17              Defendants.

18

19 PROPOUNDING PARTY:   Plaintiff Thomas Villeggiante, aka Tom J. Villeggiante

20 RESPONDING PARTY:    Defendants Thor Dahl Containerships and Jahre-Wallem AS

21 SET NUMBER:          Two

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 1 -
DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION, SET TWO
Case No.: C 07-04864 SC

1  Defendant Thor Dahl responds to Plaintiff's second Request for Production of
2  Documents, served by U.S. mail on July 9, 2008. Plaintiff has extended the time to respond to
3  August 29, 2008.

4  DATED: August 29, 2008         EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
                                  James J. Tamulski
                                  Katharine Essick

                                  By /s/ James J. Tamulski
                                  _____
                                  James J. Tamulski
                                  Attorneys for Defendants THOR DAHL
                                  CONTAINERSHIPS and JAHRE-WALLEM AS

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 2 -
DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION, SET TWO
Case No.: C 07-04864 SC

## DEFENDANTS' RESPONSES TO REQUESTS

**REQUEST NO. 1:**

Entire "ISPS Code" and "Port and Company Regulations" referred to in the deck logs of the vessel involved in the accident.

**Response:** Defendants object that the Request is vague and ambiguous, compound, overly broad, not relevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence, and that with respect to the International Ship and Port Facility Security (ISPS) Code, and that with respect to generic "Port and Company Regulations," the Request is too vague and broad for Defendants to respond.

**REQUEST NO. 2:**

All documents which set forth or otherwise describe the "Safety Management System" and/or "(SMS)" in effect at the time of Plaintiff's accident.

**Response:** Defendants object that the Request is overly broad. Subject to and as limited by the objection, Defendants have provided with these Responses those portions of its safety management system appertaining to this lawsuit, namely: SBM-03 (Checklist No. 1 Before Arrival Ports), SBM-01-03.2 (Chief Officer's Responsibilities and Duties) and –03.3 (Safety Officer), SBM-06-09 (Month-End Reporting), SBM-01-11.5.6 (In Case of Accident), QSM-1A-03.2 (Health & Safety Policy), QSM-1A-05.15 (Documentation), SBM-05-01.18 (Deck Log Book), SMB-03-02 (The Vessel in Port).

**REQUEST NO. 3:**

All documents which set forth, define or otherwise describe the "ISM" writing in effect at the time of Plaintiff's accident.

**Response:** Defendants object that the Request is vague and ambiguous, overly broad and therefore not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence; also, the International Safety Management (ISM) Code is publicly and equally available to Plaintiff. Subject to and as limited by the objections, the Request is too vague and broad for Defendants to respond.

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 3 -

DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION, SET TWO
Case No.: C 07-04864 SC

[VERIFICATION TO FOLLOW]

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 4 -

DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION, SET TWO
Case No.: C 07-04864 SC

## PROOF OF SERVICE

*Thomas Villeggiante v. Hyundai Merchant Marine Co. Ltd.*
**U.S. Dist. Ct., N.D. Cal (San Fran.) No. C 07-04864 SC**

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is 49 Stevenson Street, Suite 400, San Francisco, CA, 94105. On August 29, 2008, I served the foregoing document described as

**DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION, SET TWO**

on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as set forth below:

Philip R. Weltin
Weltin Law Office, P.C.
1432 Martin Luther King Jr. Way
Oakland, CA 94612
*Attorney for Plaintiff*
THOMAS VILLEGGIANTE
Telephone:   (510) 251-6060
Facsimile:   (510) 251-6040

[   ]   **(BY U.S. MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[   ]   **(BY PERSONAL SERVICE)** I caused to be delivered such envelope by hand to the offices of the addressee.

[XXX]   **(BY FEDERAL EXPRESS)** I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight mailing/delivery. Under that practice it would be deposited with Federal Express service on that same day with costs thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served.

[   ]   **(BY FACSIMILE)** I caused such document to be transmitted from my employer's facsimile machine telephone number (415) 227-4255 to the offices of the addressee at the facsimile machine telephone number listed above. Upon completion of the said facsimile transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error and indicating the time of such transmission. A copy of the said transmission report is attached hereto.

I declare under penalty in accordance with 28 U.S.C. §1746, and under penalty of perjury under the laws of the State of California, that the above is true and correct. Executed on August 29, 2008, at San Francisco, California.

Teresa Booth
(Type or Print Name)                        (Signature)

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 5 -

DEFENDANTS' RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION, SET TWO
Case No.: C 07-04864 SC

**EXHIBIT C**

# EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
## ATTORNEYS

49 Stevenson Street, Suite 400  
San Francisco, California 94105

www.edptlaw.com  
August 29, 2008

Telephone: (415) 227-9455  
Facsimile: (415) 227-4255

Philip R. Weltin, Esq.  
Weltin Law Office PC  
1432 Martin Luther King Jr. Way  
Oakland, CA 94612

Re: HYUNDAI EXPLORER "V30, V40," L/S Tom Villeggiante, Oakland, CA  
    D/I:        June 22, 2006  
    Case No.:  N.D. Cal. 07-CV-4864  
    Our File:   28000.003

Dear Mr. Weltin:

Enclosed please find Defendants' Responses to Plaintiff's Request for Production of Documents, Set Two, together with portions of Jahre-Wallem's Shipboard Procedure Manual as responsive to Request Number 2. Also enclosed are records responsive to Set One Requests (and also to update Defendants' initial disclosure):

- General stowage plans for the visit to Oakland, 20th to 22nd June, 2006, of the vessel HYUNDAI EXPLORER ("the vessel" hereafter);
- Deck Log Book of the vessel from 18 March 2006 to 28 September 2006;
- Minutes of the vessel's Safety Management Meeting dated 15th June 2006;
- Crew list of the vessel for the date 22 June 2006 (with birthdates and passport numbers redacted to protect the privacy of the crew);
- Checklist No. 1, Before Arrival Ports, for the vessel's port call on 22nd June 2006;
- The vessel's Certificate of Inspection;
- The vessel's Minimum Safe Manning Document;
- Det Norske Veritas (DNV) Cargo Ship Safety Equipment Certificate for the vessel;
- DNV Classification Certificate for the vessel; and
- DNV International Load Line (ILL) Certificate of the vessel.

If you have any questions, please contact the attorneys James J. Tamulski and Katharine Essick.

Respectfully,

*[signature]*

Teresa A. Booth, Assistant to Katharine Essick  
of  
EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP

KSE/tab  
Enclosures