EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
James J. Tamulski (State Bar #64880)
Katharine Essick (State Bar #219426)
Talcott N. Bates (State Bar #245374)
49 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone:    (415) 227-9455
Facsimile:    (415) 227-4255
E-Mail:       jtamulski@edptlaw.com
              kessick@edptlaw.com

Attorneys for Defendants
THOR DAHL CONTAINERSHIPS and
JAHRE-WALLEM AS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS VILLEGGIANTE,<br><br>Plaintiff,<br><br>vs.<br><br>HYUNDAI MERCHANT MARINE CO. LTD.; HYUNDAI AMERICAN SHIPPING AGENCY INC.; THOR DAHL CONTAINERSHIPS KS; JAHRE-WALLEM AS and DOES 1-40,<br><br>Defendants. | Case No.: C 07-04864 SC<br><br>DEFENDANTS THOR DAHL CONTAINERSHIPS KS AND JAHRE-WALLEM'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER<br><br>Hearing Date:    September 8, 2008<br>Time:            11:00 a.m.<br>Department:      Magistrate Judge Chen (via telephone) |

Defendants THOR DAHL CONTAINERSHIPS KS AND JAHRE-WALLEM (hereinafter "Defendants") submit this opposition to Plaintiff's Motion for Protective Order.

**I.    INTRODUCTION**

Mr. Anil Samyal is the former Chief Mate of the vessel on which Plaintiff claims he was injured. Plaintiff agrees that this deposition is critical to his case and has executed a stipulation to that effect. Defendants informed counsel for Plaintiff as early as July that 1) Mr. Samyal lives in India; 2) Most of his voyages are foreign based and that the vessel on which he works rarely call on the West Coast; 3) There was a good chance that he would be in Seattle sometime in

- 1 -

September 2008; and 4) That Defendants would move Mr. Samyal's deposition to a date to be determined in September 2008. On September 3, 2008, counsel for Defendants learned that Mr. Samyal would be in Seattle on September 11, 2008, and immediately issued a deposition notice.

Now, Plaintiff move for a protective order pursuant to F.R.C.P. 26(c)(1)(B) on grounds that he was not given reasonable notice of the deposition, and that Defendants failed to confer with Plaintiff's counsel before setting the deposition. This is a maritime case. Key witnesses are merchant seamen. Merchant seamen are by nature transient. Both Defendant and Plaintiff need to move quickly when the opportunity arises to take the necessary discovery in this case. Plaintiff has offered no concrete reason why he is unable to take this deposition on September 10, 2008 and his motion should be denied.

## II. The Parties Engaged in Multiple Meet and Confer Efforts Before Noticing Chief Mate Samyal's Deposition

As early as May 2008, the parties expressed their desire to take the deposition of Anil Samyal, and began discussions regarding when to do so. See, e.g., Stipulation Regarding Mediation attached to the Declaration of James Tamulski ("Tamulski Decl.") at Ex. A. Mr. Samyal is the former Chief Mate of the vessel where Plaintiff claims he was injured. The parties agreed that Mr. Samyal is an important witness regarding the condition of Defendants' vessel when it was turned over to Plaintiff's employer for cargo operations—a key issue in a case brought under the Longshore and Harbor Workers Compensation Act. Tamulski Decl. ¶ 14, Ex. A  Due to Mr. Samyal's occupation as a merchant seaman, his schedule is often unpredictable and dependent on ship's schedules. In May 2008, the parties believed that the vessel on which Mr. Samyal worked would call in a port in Washington State sometime in July. The parties agreed to attend Mr. Samyal's deposition in Washington State when Mr. Samyal was in port. Due to unforeseen circumstances, the parties could not take Mr. Smayal's deposition at that time. On July 23, 2008, counsel for Defendants wrote to Plaintiff's counsel, confirming a discussion in which they advised that due to Mr. Samyal's shipping schedule, his deposition had to be moved

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 2 -
OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
Case No.: C 07-04864 SC
G:\28000.003 HYUNDAI EXPLORER (Villeggiante)\Pleadings\Opposition to Protective Order.doc

from July to September. As soon as Defendants learned when Mr. Samyal would be in port, they faxed the notice of taking Mr. Samyals' deposition. The parties have in engaged in multiple discussions in the past three or four months regarding the scheduling of Mr. Samyal's deposition. Plaintiff was advised that Mr. Samyal's deposition was likely to take place in September. To now assert that Defendants did not satisfy Civil Local Rule 30-1 is absurd.

### III. Defendants Gave Reasonable Notice of Chief Officer Anil Samyal's Deposition

Defendants gave seven days notice of Mr. Samyal's deposition. While ten days notice is typically regarded as reasonable, under these circumstances, Defendants have provided reasonable notice of the deposition pursuant to F.R.C.P. 30(b)(1). Maritime attorneys are frequently in the position of taking depositions on an abbreviated notice period given the schedules of merchant seaman. Tamulski Decl. ¶ 15.

Here, Defendants do not employ Mr. Samyal, and therefore do not have control over his schedule. Tamulski Decl. ¶10. Defendants did not learn that the vessel on which Mr. Samyal currently works would be in Seattle on September 10th until September 3rd. Tamulski Decl. ¶16. Within an hour of learning when Mr. Samyal would be on the West Coast, Defendants faxed and mailed a notice of deposition to Plaintiff's counsel. Tamulski Decl. ¶ 7.

There is great need to take Mr. Samyal's deposition at this time. Mr. Samyal will only be in Seattle on September 10th and 11th. Thereafter, he will be getting off ship and returning home to India. He does not expect to board another ship for about six months. Tamulski Decl. ¶9. Mr. Samyal does not know what ship he will be assigned to after his six months in India. In fact, he does not even known if he will even be aboard a ship that trades with the United States. Tamulski Decl. ¶9.

While Plaintiff's counsel has not given any reason why he is unable to attend the deposition , Defendants will be severely prejudiced if the deposition does not go forward as noticed, particularly as the discovery cut off is October 8, 2008.

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 3 -

OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
Case No.: C 07-04864 SC
G:\28000.003 HYUNDAI EXPLORER (Villeggiante)\Pleadings\Opposition to Protective Order.doc

### IV. Defendants Produced All Relevant Documents

Plaintiff's complaint that he cannot take the deposition because of outstanding documents is without merit because those documents have been produced. Defendant has provided Plaintiff with all of the relevant documents it has been able to find. Tamulski Decl. ¶ 7. On August 29, 2008 Defendants produced key portions of its safety management system namely: SBM-03 (Checklist No. 1 Before Arrival Ports), SBM-01-03.2 (Chief Officer's Responsibilities and Duties) and -03.3 (Safety Officer), SBM-06-09 (Month-End Reporting), SBM-01-11.5.6 (In Case of Accident), QSM-1A-03.2 (Health & Safety Policy), QSM-1A-05.15 (Documentation), SBM-05-01.18 (Deck Log Book), SMB-03-02 (The Vessel in Port). Despite Plaintiff's assertion to the contrary, Defendants did not "choose" to provide documents just before the deposition. Rather, Defendants responded to discovery on the due date and received notice on September 3, 2008 of Mr. Samyal's port call.

### V. Sanctions Are Not Appropriate

Sanctions are not appropriate in this case. Again, this is a maritime case. Defendants have been willing to do whay they can to avoid conflict with Plaintiff's counsel's schedule, but Plaintiff's counsel did not engage in a meet and confer efforts before filing this motion. The only dates Mr. Samyal is available before the discovery cut off is Sept. 10 and 11th. Defendants have and will make every effort to accommodate Plaintiff's counsel's schedule to get this deposition done.

///

///

///

///

///

## VI. CONCLUSION

For the foregoing reasons, Defendants request that Plaintiff's motion be denied.

DATED: September 5, 2008         EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP

By _____
James J. Tamulski
Katharine Essick
Talcott N. Bates
Attorneys for Defendants THOR DAHL CONTAINERSHIPS
and JAHRE-WALLEM AS

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
Case No.: C 07-04864 SC
G:\28000.003 HYUNDAI EXPLORER (Villeggiante)\Pleadings\Opposition to Protective Order.doc