EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
James J. Tamulski (State Bar #64880)
Katharine Essick (State Bar #219426)
49 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone:  (415) 227-9455
Facsimile:  (415) 227-4255
E-Mail:    jtamulski@edptlaw.com
           kessick@edptlaw.com

Attorneys for Defendants
THOR DAHL CONTAINERSHIPS and
JAHRE-WALLEM AS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS VILLEGGIANTE,<br><br>Plaintiff,<br><br>vs.<br><br>HYUNDAI MERCHANT MARINE CO. LTD.; HYUNDAI AMERICAN SHIPPING AGENCY INC.; THOR DAHL CONTAINERSHIPS KS; JAHRE-WALLEM AS and DOES 1-40,<br><br>Defendants. | Case No.: C 07-04864 SC<br><br>DECLARATION OF JAMES TAMULSKI IN SUPPORT OF DEFENDANTS THOR DAHL CONTAINERSHIPS KS AND JAHRE-WALLEM'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER<br><br>Hearing Date:  September 8, 2008<br>Time:          11:00 a.m.<br>Department:    Magistrate Judge Chen (via telephone) |

I, James Tamulski, declare:

1.  I am a partner with the law firm of Emard Danoff Port Tamulski & Paetzold LLP, counsel of record for Defendants THOR DAHL CONTAINERSHIPS KS AND JAHRE-WALLEM (hereinafter "Defendants") in the above captioned action.

2.  This Declaration is submitted in support of Defendants' Opposition to Plaintiff's Motion for Protective Order heard by this Court on September 8, 2008 at 11:00 a.m., via telephone. Judge Chen has ordered that we would only be able to argue our motion for an

- 1 -

expedited hearing on Plaintiff's Motion for a Protective Order, if Defendants papers were submitted by 5 p.m. today. Thus, after I complete drafting this document I will attach to it, true and correct copies of whatever correspondence I can find in the time left to submit this Declaration to the Court.

3. This is an action for negligence under the Longshore and Harbor Workers Compensation Act (LHWCA) 33 U.S.C. section 905(b).

4. A hearing before this Court on shortened time is necessary because Defendants are unable to take Anil Samyal's deposition while Plaintiff's Motion for a Protective Order is pending. Defendants have been trying to depose Mr. Samyal for several months because he is a critical witness to this case.

5. Several months ago, we had learned that CO Samyal was working aboard a vessel that occasionally called at ports in the Pacific Northwest. We later were able to identify that vessel, and learned who owned the vessel and who chartered the vessel.

6. Defendants attempted to take CO Samyal's deposition in Seattle in July 2008, when the ship was last in that area. However, Plaintiff objected to the taking of his deposition at that time because Defendants had not been able to produce all the documents that Plaintiff demanded in discovery. I wrote to Plaintiff's counsel on July 10, 2008 and told him that the vessel was expected to be back in Seattle around September 20th, and we would again attempt to take the deposition at that time. This was based upon information I obtained from the charterer of the vessel, that it would be back into Seattle in mid- to late September 2008.

7. Defendants have since provided Plaintiff with all of the relevant documents it has been able to find. On September 3, 2008 I contacted that charterer again and asked for the ETA of the vessel in Seattle. I was told that the vessel would be in Seattle on September 10th. We immediately sent a formal Notice to Take the Chief Officer's deposition in Seattle. I could not provide the exact location at that time because I had to make arrangements to find a room for the

deposition.

8. I received a call from the charterer today, advising me that the vessel was going to be "idle" in Seattle on September 11th, and that as a result September 11th, would be a better day to take CO Samyal's deposition. I send a fax to Plaintiff's counsel Phil Weltin advising him of this development today, and that we would be asking the court for an expedited hearing on Plaintiff's Motion for a Protective Order.

9. I spoke to CO Samyal in July 2008. He said that when he gets off the current vessel he is sailing on, that he does not intend to go back aboard ship for approximately six months. When he does return to work he does not know what ship he will be assigned to, and does not know when, or if, he will ever be aboard a ship that trades with the United States. I asked him if he would be willing to travel from India to the United States for the purpose of having his deposition taken, or appear at trial, and he said that he did not want to do that.

10. CO Samyal is not employed by the defendants and is not under the defendants' control. The only reason we are able to take his deposition is because the charterer of the ship that he is presently sailing upon, Westwood Shipping, is an occasional client of my firm. The charterer has said that they will make CO Samyal available to Mr. Weltin and I for up to six hours on September 11, 2008, at an office close to the vessel, to allow us to take his deposition.

11. CO Samyal was the Chief Officer of the vessel upon which Plaintiff claims he was injured. Under the applicable case law, Defendants liability will be decided on one very narrow issue, e.g. whether the vessel was turned over to the expert longshoremen in a reasonable safe condition, after an exercise of ordinary care on behalf of the vessel and its crew.

12. Plaintiff claims that after working aboard ship for about 30 minutes, that he was injured when he stepped on a metal grating that was not properly secured on the catwalk upon which Plaintiff was walking. Chief Officer Samyal will testify that within hours of Plaintiff's alleged injury that he inspected the very gratings on that catwalk, and they were securely in place

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
Case No.: C 07-04864 SC
G:\28000.003 HYUNDAI EXPLORER (Villeggiante)\Pleadings\JJT Dec ex parte application for OST.doc

and safe. Chief Officer Samyal was the vessel officer in charge of ensuring that those gratings were safe before the longshoremen began work, and he personally indicated on a Checklist that he had inspected those gratings before the longshoremen came aboard.

13. After the ship left Oakland, it sailed out to the Far East. While in route, the vessel was notified that Plaintiff claimed to have been injured aboard ship by a defective grating. Chief Officer Samyal was the officer who immediately went to that catwalk, and inspected those gratings and concluded that there were safe, and that the accident could not have happened as described.

14. Needless to say, Chief Officer Samyal is critical to the defense in this case. He is the only witness who inspected the grating in question before the alleged accident, and he is the one individual who had the duty and responsibility to inspect the grating after being informed of the accident.

15. I have had the pleasure of practicing maritime law for over 36 years. Since vessels sail 24/7, and only make money when they are moving, and lose money when they don't, the attorneys who represent vessel interests also work 24/7. I have been called to attend vessel problems after midnight hundreds of times in my career, and I have also been given (often verbal) notice of depositions that opposing attorneys need to take, on less than 48 hours notice. Generally, maritime counsel cooperate when the need for a deposition on shortened time occurs, because we know that next week we may be the one asking other long-standing maritime counsel, to allow us to take the deposition of some crewman who we just discovered is available for deposition. It's part of the business.

16. We have given Plaintiff's counsel as much notice as we could about the deposition of CO Samyal. As shown by an email attached to this Declaration from the charterer of this vessel, we had been told that the ship would not return to Seattle until mid- to late September. When I called this week to learn that the vessel was arriving early, I was also told by the charterer that it had skipped a port from its normal schedule, which caused it to arrive in

- 4 -

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER
Case No.: C 07-04864 SC
G:\28000.003 HYUNDAI EXPLORER (Villeggiante)\Pleadings\JJT Dec ex parte application for OST.doc

1  Seattle sooner than anticipated. As stated, since Defendants do not have any control over the
2  ship or the Chief Mate, we were not aware of this change of schedule.

3      17.    The last Notice of Deposition that we had sent to Plaintiff's counsel was faxed to
4  him on September 3, 2008, i.e. the day I learned that the vessel was arriving early. Due to delay
5  in the vessel's schedule, Defendants now propose that the deposition of Chief Officer Samyal
6  take place on September 11, 2008, eight days thereafter. In my humble opinion, as a long time
7  practitioner of maritime law, this notice was "reasonable."

8      18.    Attached hereto as Exhibit A is a true and correct copy of a stipulation regarding
9  mediation and proposed order. Paragraph two of this stipulation notes the parties' agreement as
10 to Mr. Samyal's importance to the case.

11     19.    Attached hereto as Exhibit B are true and correct copies of correspondence
12 relating to this deposition.

13     I declare under penalty of perjury under the laws of the United States that the foregoing is
14 true and correct.

DATED: September 8, 2008    EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP

By: _____
James J. Tamulski
Katharine Essick
Attorneys for Defendants THOR DAHL CONTAINERSHIPS
and JAHRE-WALLEM AS

**EXHIBIT A**

05/28/2008  09:14  Case 3:07-cv-04864-SC   Document 18   Filed 06/05/2008   Page 1 of 2   PAGE  01/02

EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
James J. Tamulski (State Bar #64880)
Katharine Essick Snavely (State Bar #219426)
49 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone:  (415) 227-9455
Facsimile:   (415) 227-4255
E-Mail:      jtamulski@edptlaw.com
             kessick@edptlaw.com

Attorneys for Defendants
THOR DAHL CONTAINERSHIPS and
JAHRE-WALLEM AS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS VILLEGGIANTE, | Case No.: C 07-04864 SC |
| Plaintiff, | STIPULATION REGARDING MEDIATION AND [PROPOSED] ORDER |
| vs. | |
| HYUNDAI MERCHANT MARINE CO. LTD.; HYUNDAI AMERICAN SHIPPING AGENCY INC.; THOR DAHL CONTAINERSHIPS KS; JAHRE-WALLEM AS and DOES 1-40, | |
| Defendants. | |

### STIPULATION

Whereas,

1. This is a personal injury suit brought by a longshoreman against a vessel pursuant to 33 U.S.C. §905(b) and trial in this action is December 8, 2008. The Court has ordered the parties to participate in a private mediation on or before June 1, 2008.

2. The parties wish to take the deposition of Anil Samyal, former Chief Officer of the vessel where Plaintiff claims he was injured. Defendants have been trying to locate and depose Mr. Samyal before the mediation because he is an important witness on an issue in the case, i.e., in what condition did Defendants turn the vessel over to Plaintiff's employer for cargo

- 1 -
STIPULATION REGARDING MEDIATION AND [PROPOSED] ORDER
Case No.: C 07-04864 SC

1  operations. Defendants were unable to locate Mr. Samyal until two weeks ago, and were not able
2  to contact him to make arrangements for his deposition until last week.
3       3. Mr. Samyal is presently at sea and expects to be at sea for the next 4-5 months;
4  however, in July 2008 his ship will be calling in Seattle or possibly Longview in the State of
5  Washington, and he has agreed to make himself available for deposition during one of those port
6  calls; the parties have also agreed to attend his deposition in Washington in July 2008;
7       4. The parties have reserved a mediation date of September 8, 2008 before their chosen
8  mediator Harris Weinberg.
9       On the basis of the foregoing the parties stipulate and agree to taking the deposition of
10 Mr. Samyal in Washington when and where his ship is in port (in July 2008), and to participate
11 in a private mediation thereafter, and they respectfully request that the Court extend the deadline
12 to participate in private mediation from June 1 to September 30, 2008.
13      SO STIPULATED.
14 Dated: ~~March~~ May 28, 2008      EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
                                     James J. Tamulski
15                                   Katharine Essick Snavely
16
                                     By _____
17                                      Katharine Essick Snavely
                                     Attorneys for Defendants
18                                   THOR DAHL CONTAINERSHIPS and JAHRE-
                                     WALLEM AS
19
20 Dated: May 27, 2008               WELTIN LAW OFFICE
21                                   By _____
                                        Philip R. Weltin
22                                   Attorneys for Plaintiff
                                     THOMAS VILLEGGIANTE
23
24
25                                   [PROPOSED] ORDER
26      IT IS SO ORDERED.
27 Date: _____

                                     _____
28                                   Judge, U.S. District Court

STIPULATION REGARDING MEDIATION AND [PROPOSED] ORDER
Case No.: C 07-04864 SC

**EXHIBIT B**

# EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP

49 Stevenson Street, Suite 400
San Francisco, CA  94105
Phone:  (415) 227-9455
Fax:  (415) 227-4255
www.edptlaw.com

## FAX COVER SHEET

DATE:           July 10, 2008                                          Pages:  1
From:           James J. Tamulski
Our Ref.:       28000.003

To:             Philip R. Weltin
Company:        Weltin Law Office
Fax:            (510) 251-6040
Phone:          (510) 251-6060
City/Country:   New York, USA
Ref.:           Villeggiante


MESSAGE:

Phil,

Further to your letter of June 27, 2008, we have been working very hard to try to obtain documents that you have demanded before the deposition of CO Samyal. Unfortunately, at this time we still do not know whether our client has certain documents and, if so, when they may be produced. Further, this being July, it appears that all of our contacts in Norway are on vacation, or will soon be going on vacation. Thus, we have no choice but to postpone the deposition.

We have learned that the vessel should be back in the Pacific Northwest around September 20th. Thus, we'll move CO Samyal's depo to approximately that date, and expect that whatever documents we have that you want will be delivered to you by the end of August.

We will need to postpone our mediation until the end of September, but I don't anticipate that will be a problem.

Finally, you called a week or so ago wanting to know if we wanted to discuss settlement. As I believe you know, I am always willing to discuss settlement. I just haven't had the time to think about this case lately, and will not until mid-August. However, if you are serious about settlement make a "reasonable" demand. The only demand we have received from you is $750,000, for which we can conduct a lot of discovery.
[DICTATED – NOT READ]

**PLEASE NOTE**:  The documents accompanying this facsimile transmission may contain confidential information which is legally privileged.  The information is intended only for the use of the individual or entity named above.  If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in this transmission is strictly **prohibited**.  If you have received this transmission in error, please immediately notify us by telephone and mail the original transmission to us.  Thank you.
G: 28000.003 HYUNDAI EXPLORER (Villeggiante)\Faxes\Weltin 071008.doc

# EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP

49 Stevenson Street, Suite 400
San Francisco, CA 94105
Phone: (415) 227-9455
Fax: (415) 227-4255
www.edptlaw.com

## FAX COVER SHEET

| | | |
|---|---|---|
| DATE: | July 23, 2008 | Pages: 1 |
| From: | Katharine Essick Snavely | |
| Our Ref.: | 28000.003 | |

To:          Philip R. Weltin
Company:     Weltin Law Office
Fax:         (510) 251-6040
Phone:       (510) 251-6060
City/Country: New York, USA
Ref.:        M/V HYUNDAI EXPLORER
             Tom Villeggiante; Oakland, CA
             D/I: June 22, 2006

MESSAGE: I left a message for you on Monday but have not yet heard back.

1. <u>New Document Demands</u>: With respect to the requests for production you recently served, will you grant an extension of 3 weeks for Defendants to respond, from 8/8/08 to 8/29/08? Like most Norwegians our client contacts have summer holiday through the entire month of July. I will not have client contact until the beginning of August, and need more time to respond to these requests.

2. <u>Subpoenas</u>:
   a. We are not available to attend any depositions on 8/5/08 because we are in trial.
   b. You did not serve any notices or any proofs of service with the subpoenas, so I cannot tell whether these witnesses have been served. Please provide deposition notices and proofs of service of the subpoenas.

3. <u>Continuance of Samyal depo and mediation</u>: As Mr. Tamulski mentioned to you, we must move the deposition of Chief Officer Samyal from late July to late September, so we can be sure of having necessary documents by the time of the deposition. As such we should move the mediation from early September to late September. Are you available on September 29 or 30? I understand you and Mr. Tamulski are in the process of informal settlement negotiations, but to keep all options open we should take care of these scheduling matters.

4. <u>Please call me at 415-227-9455 to discuss the above.</u>

<u>PLEASE NOTE</u>: The documents accompanying this facsimile transmission may contain confidential information which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in this transmission is strictly <u>prohibited</u>. If you have received this transmission in error, please immediately notify us by telephone and mail the original transmission to us. Thank you.
G:\28000.003 HYUNDAI EXPLORER (Villeggiante)\Faxes\Weltin 072308.doc

# EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP

49 Stevenson Street, Suite 400
San Francisco, CA 94105
Phone: (415) 227-9455
Fax: (415) 227-4255
www.edptlaw.com

FAX COVER SHEET

| | | |
|---|---|---|
| DATE: | July 23, 2008 | Pages: 1 |
| From: | Katharine Essick Snavely | |
| Our Ref.: | 28000.003 | |

| | |
|---|---|
| To: | Philip R. Weltin **c/o Jill** |
| Company: | Weltin Law Office |
| Fax: | (510) 251-6040 |
| Phone: | (510) 251-6060 |
| City/Country: | New York, USA |
| Ref.: | M/V HYUNDAI EXPLORER |
| | Tom Villeggiante; Oakland, CA |
| | D/I: June 22, 2006 |

MESSAGE:

1. I confirm the message received from your secretary Jill that defendants shall have 3 weeks additional time to respond to the recent written discovery, originally due 8/8/08, now due on **8/29/08**. Thank you for this extension which allows for the Norwegian national summer holidays in July (during which time my client contacts are all on vacation).

2. I understand you have only served subpoena on Mike Lai of HMM. Please send the proof of service once it is available.

3. Please let us know what other dates Mr. Lai is available for deposition as we are in trial the first week of August, and therefore cannot attend on August 5.

4. I understand you are available for mediation on September 30. I will contact the mediator's assistant to see if he has that date available, so we can first depose C/O Samyal in September and then proceed to mediation. This additional time should allow us to locate the documents requested for the deposition and also allow for any informal settlement discussions after you return from vacation.

Regards,
K.E. Snavely

**PLEASE NOTE**: The documents accompanying this facsimile transmission may contain confidential information which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone and mail the original transmission to us. Thank you.
G:\28000.003 HYUNDAI EXPLORER (Villeggiante)\Faxes\Weltin 072308(2).doc

# EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP

49 Stevenson Street, Suite 400
San Francisco, CA 94105
Phone: (415) 227-9455
Fax: (415) 227-4255
www.edptlaw.com

## FAX COVER SHEET

| | | |
|---|---|---|
| DATE: | September 3, 2008 | Pages: |
| From: | Katharine Essick Snavely | |
| Our Ref.: | 28000.003 | |

| | |
|---|---|
| To: | Philip R. Weltin **c/o Jill** |
| Company: | Weltin Law Office |
| Fax: | (510) 251-6040 |
| Phone: | (510) 251-6060 |
| City/Country: | New York, USA |
| Ref.: | M/V HYUNDAI EXPLORER |
| | Tom Villeggiante; Oakland, CA |
| | D/I: June 22, 2006 |

MESSAGE:

***NOTICE OF DEPOSITION OF ANIL SAMYAL IN SEATTLE***

PLEASE IMMEDIATELY FORWARD, OR NOTIFY MR. WELTIN OF, THE ATTACHED DEPOSITION NOTICE.

We learned only an hour ago that Chief Officer Anil Samyal can be made available for deposition in the Port of Seattle on September 10, 2008, during his vessel's port call. The schedules of the ships are, as you know, difficult to predict, so we appreciate your willingness to attend in Seattle. Please call Jim Tamulski immediately to confirm that someone from your office will attend on September 10.

**PLEASE NOTE**: The documents accompanying this facsimile transmission may contain confidential information which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in this transmission is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone and mail the original transmission to us. Thank you.
G:\28000.003 HYUNDAI EXPLORER (Villeggiante)\Faxes\Weltin 090308.doc

**James Tamulski**

**Subject:** FW: WW Columbia; EDPTP Ref: 28000.003

**From:** ▓▓▓▓▓▓▓ [mailto:▓▓▓▓▓▓▓@wsl.com]
**Sent:** Wednesday, July 09, 2008 3:28 PM
**To:** James Tamulski
**Subject:** RE: WW Columbia; EDPTP Ref: 28000.003

Further to my last message, Columbia operates on a 56 day rotation, which would put her back in Longview in mid - late September.